UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cr-00349-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| STEVEN BYINGTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Steven Byington's ("Petitioner's") Motion to Vacate under 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 119). The Government filed a Response. (ECF No. 127).

## I.   BACKGROUND

The federal grand jury sitting in the District of Nevada returned an Indictment on September 21, 2011, charging Petitioner with the following counts: (1) Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1); (2) Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and (3) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 1).  During trial, Petitioner testified that he did not download child pornography and had never seen the child pornography found on his computer or thumb drive until he heard the testimony in court. (Day 3 Trial Tr. 49:1–4, 55:2–11, 60:5–25, ECF No. 110).  On June 20, 2013, after a three-day trial, the jury convicted Petitioner of Count Two, Receipt of Child Pornography ("receipt conviction"), and Count Three, Possession of Child Pornography ("possession conviction"). (ECF No. 77).  Petitioner was sentenced to 168 months of imprisonment, followed by a lifetime term of supervised release. (Sentencing Tr. 26:1–2, 33:8, ECF No. 111); (Judgment 2–3, ECF No. 102).  At sentencing, Petitioner received

the minimum sentence according to the United States Sentencing Guidelines range that corresponded to the receipt conviction. (Sentencing Tr. 26:1–2). The Court also advised Petitioner of his right to appeal. (*Id*. 40:8–19).

Petitioner timely filed an appeal asserting that both the receipt conviction and the possession conviction were based on the same conduct and therefore "violate[d] the prohibition against double jeopardy." (Not. of Appeal, ECF No. 100); *United States v. Byington*, 600 F. App'x 553, 554 (9th Cir. 2015). Petitioner also argued that his sentence was "substantively unreasonable." *Byington*, 600 F. App'x at 554. The Ninth Circuit affirmed Petitioner's sentence but remanded with instructions to vacate the possession conviction, allowing the count to be reinstated without prejudice should the receipt conviction "be overturned on direct or collateral review." *Id.*

On February 5, 2016, Petitioner timely filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing seven grounds for relief: (1) unlawful search based on fraud in obtaining the warrant; (2) knowing use of perjured testimony at indictment, trial, and sentencing; (3) unlawful failure of the prosecution to disclose evidence favorable to the defendant; (4) use of falsified and manufactured evidence; (5) double jeopardy; (6) cruel and unusual punishment; and (7) ineffective assistance of counsel. (*See* Mot. to Vacate).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id*.; *see also United States v. Berry*, 624 F.3d

1031, 1038 (9th Cir. 2010). Motions pursuant to section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

## III. DISCUSSION

Petitioner raises seven grounds for challenging his conviction and sentence under section 2255. The Government contends that five of the seven grounds are procedurally barred because Petitioner did not raise them on direct appeal. Next, the Government argues that Petitioner's claim for double jeopardy is barred because this issue was litigated on direct appeal and already determined by the Ninth Circuit. Lastly, the Government argues that Petitioner's ineffective assistance of counsel claim is meritless. As explained in detail below, the Court agrees that none of Petitioner's claims qualify for section 2255 relief.

### A.   Procedurally Defaulted Claims

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir. 1993). "To overcome such default, [petitioner] would have to show either (1) 'cause' and actual 'prejudice' to explain the default, or (2) that he was 'actually innocent' of, *inter alia*, the crime for which he was indicted." *United States v. Guess,* 203 F.3d 1143, 1145 (9th Cir. 2000) (internal citation omitted).

### 1. *Unlawful Search and Seizure*

First, Petitioner argues that the evidence found was pursuant to an unlawful search and seizure based on a fraudulently obtained and overly broad search warrant. (Mot. to Vacate 5). Specifically, Petitioner contends that the United States Department of Homeland Security ("DHS") committed fraud in obtaining the search warrant by falsely claiming that "they made a direct connection" to Petitioner's computer and the computer's IP address belonged to Petitioner. (*Id*.). Petitioner also contends the search warrant was "extremely broad" and "allowed for [his] family pictures . . . to be used against him." (*Id*. at 10).

The Government responds that Petitioner failed to raise an "unlawful search issue in this Court or on appeal" and therefore defaulted on the claim. (Resp. 6:25–26, ECF No. 127). The Government contends that Petitioner failed to include any citations to the record necessary to review his claims. (*Id*. 6:18–19). Further, the Government argues that Petitioner cannot demonstrate cause, prejudice, or actual innocence because "the trial record refutes [Petitioner's] claims as to both the 'direct connection' to [his] computer and the fact that he was the subscriber to the IP address." (*Id*. 7:1–2).

Petitioner did not raise the unlawful search and seizure on direct appeal. Such a claim cannot be raised for the first time in a habeas proceeding without cause to excuse his procedural default. *See Johnson,* 988 F.2d at 945. During trial, DHS Special Agent Steven Cerutti testified that he directly connected to Petitioner's computer using DHS's file-sharing program and later learned the IP address was registered to Petitioner. (Day 1 Trial Tr. 45:13–16, ECF No. 108). Further, DHS Special Agent William Christopher Hedges testified that Cox Communications provided DHS with Petitioner's name and home address as the subscriber of the IP address. (*Id*. 85:10–25, 86:3). No cause exists to excuse a procedural default on Petitioner's unlawful search and seizure claim, and therefore, this claim is procedurally barred.

### 2. Use of Perjured Testimony

Petitioner contends that his conviction was obtained by the use of perjured testimony. (Mot. to Vacate 6, 10). Petitioner claims that Agent Hedges committed perjury by falsely telling the grand jury he viewed the pornography on the Petitioner's computer to obtain an indictment. (*Id.*). The Government responds that Petitioner defaulted these claims by failing to raise them on appeal and again fails to meet his burden. (Resp. 7:13–17). The Government also notes, "By its verdicts, the jury rejected [Petitioner's] testimony and found there was child pornography on his computer and external drives." (*Id.* 8:3–4). Additionally, at sentencing, this Court rejected Petitioner's argument that there was no pornography on his computer. (Sentencing Tr. 30:22–33:10). Further, the Ninth Circuit affirmed Petitioner's sentence, stating: "The record makes clear why the [district] court chose to sentence him on the receipt count." *Byington*, 600 F. App'x at 554.

Petitioner also claims that DHS Special Agent Frank Day committed perjury and misled the jury by referring to evidence of pornography as "items of investigative interest." (Mot. to Vacate 6, 10). However, Agent Day, who was certified at trial as an expert in computer forensics, testified that he was looking specifically for files of investigative interest as authorized by the search warrant. (Day 2 Trial Tr. 156:17–21, 168:20–25, ECF No. 109). Agent Day defined items of investigate interest as child pornography in picture or movie form. (*Id.* 169:1–2). Petitioner did not raise the issue of any perjured testimony on direct appeal. Accordingly, Petitioner has failed to demonstrate cause to excuse this procedure default, and the Court finds that this claim is procedurally barred.

### 3. Failure to Disclose Exculpatory Evidence

Petitioner argues that the Government failed to disclose evidence "favorable to [him]." (Mot. to Vacate 6). Petitioner claims that the Government failed to provide the forensic report, a list of pictures or videos, and "no verification was ever made to the videos or pictures." (*Id.*).

The Government responds that this claim was not raised on appeal and is defaulted. (Resp. 10:6). The Government further contends that Petitioner "fails to identify any undisclosed exculpatory evidence." (*Id.* 10:7). In fact, defense counsel reviewed the forensic report and moved to admit the report into evidence during trial. (Day 2 Trial Tr. 215:1–3). Further, as the Government notes, "[S]pecific child pornography files in [Petitioner's] possession . . . were entered into evidence without objection." (Resp. 10:18–19). Accordingly, Petitioner fails to demonstrate cause and actual prejudice, or that he is actually innocent. *See Guess,* 203 F.3d at 1145. Petitioner did not raise the claim on direct appeal. Therefore, Petitioner waived his right to assert this claim, and it is procedurally barred.

### 4. *Falsified and Manufactured Evidence*

Petitioner asserts his "conviction was obtained by falsified and manufactured evidence." (Mot. to Vacate 7). Petitioner claims all the evidence of pictures and video clips came from DHS's database and none of it was seized from him. (*Id.*). The Government responds that this claim is procedurally defaulted for failure to raise on direct appeal. (Resp. 11:6). Additionally, as the Government notes, the evidence at trial is contrary to Petitioner's claims. (*Id.* 11:7–8). The Court agrees that Petitioner did not demonstrate cause to excuse his procedural default. As such, this claim is procedurally barred.

### 5. *Cruel and Unusual Punishment*

Petitioner alleges that his sentence is cruel and unusual because he is seventy-one years old and has "never been in the Federal System before." (Mot. to Vacate 11). The Government responds this claim is defaulted. (Resp. 11:24). Further, the Government argues that Petitioner's 168-month sentence is not cruel and unusual punishment because the Ninth Circuit affirmed Petitioner's sentence. (*Id.* 12:4–5); *Byington*, 600 F. App'x at 554. According to the Ninth Circuit, "[Petitioner's] low-end sentence is not substantively unreasonable." *Byington*, 600 F. App'x at 554. The Court finds that Petitioner failed to bring this issue on direct appeal,

and he has not presented cause to excuse this procedural default.  Thus, this claim is procedurally barred.

### B.     Double Jeopardy

Next, Petitioner argues that his conviction is a violation of double jeopardy, and he should be afforded a new sentencing hearing. (Mot. to Vacate 10).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent section 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).  Here, Petitioner initially raised a claim for violation of double jeopardy on direct appeal. *See Byington*, 600 F. App'x at 554.  The Ninth Circuit agreed that under *United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008), Petitioner could not be convicted of both receipt and possession. *Id.* Therefore, the Ninth Circuit vacated the possession conviction; however, the Ninth Circuit declined to vacate Petitioner's sentence because the record clearly demonstrated that "the [district] court chose to sentence him on the receipt count." *Id.*  As the Ninth Circuit explained, "The [district] court adopted the Guidelines range that corresponded to the receipt count and, based on its evaluation of the 18 U.S.C. § 3553(a) sentencing factors, concluded that a sentence within that range was appropriate." *Id.*

As such, Petitioner raised the issue of double jeopardy on direct appeal, and the Ninth Circuit rejected his request for resentencing. *See Byington*, 600 F. App'x at 554.  Because Petitioner had a full and fair opportunity to litigate this issue in his direct appeal, he is barred from rearguing it on collateral review. *See Hayes*, 231 F.3d at 1139; *United States v. Davis*, 417 U.S. 333, 342 (1974).

### C.     Ineffective Assistance of Counsel

Lastly, Petitioner argues that he received ineffective assistance from his trial counsel. (Mot. to Vacate 11).  Claims for ineffective assistance of counsel are properly raised on a

section 2255 motion. *See United States v. Pirro,* 104 F.3d 297, 299 (9th Cir. 1997) ("The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255.").

Petitioner contends that he was denied effective assistance of counsel because his counsel did not obtain an independent analysis of his computer and allowed pictures and video clips to be shown to the jury without verification of their origin. (Mot. to Vacate 11). The Government responds that Petitioner "has not shown a reasonable probability that an independent analysis of his computer, or objection to the exhibits, would have made any difference." (Resp. 14:23–25).

To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that he was prejudiced by that performance. *See id*. at 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Petitioner fails to show a reasonable probability that the independent analysis of his computer or objections to the exhibits would have produced a different result in his case.

During trial, Petitioner testified that he had never seen the child pornography found on his computer. (Day 3 Trial Tr. 48:20–49:1–4).  However, the jury did not find this testimony credible, as they still found him guilty of the receipt conviction and the possession conviction. (*Id.* 171:1–14).  These convictions were supported by the substantial evidence shown at trial, including expert computer forensic testimony that Petitioner had 617 unique images of child pornography on his computer. (Day 2 Trial Tr. 229:15–20).  Defense counsel's lack of objection to the exhibits reasonably could have been a tactical decision to reduce the impact of the child pornography on the jury. *See Strickland*, 466 U.S. at 689 (a tactical decision by counsel cannot form the basis of an ineffective assistance claim); *see also Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation.").  Moreover, Petitioner has not demonstrated that counsel's choice not to have an independent analysis of Petitioner's computer was outside the "range of competence" for a defense attorney. *See Strickland*, 466 U.S. at 687.  Petitioner makes no argument that the result of the proceedings would have been different had his counsel chosen to object or obtain the independent computer analysis. Accordingly, the Court finds that Petitioner has failed to establish that his counsel's performance was ineffective, and there is no basis for relief under section 2255 for this claim.

      **D.**      **Evidentiary Hearing**

"No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989) (citation omitted).  The district court has discretion to deny an evidentiary hearing on a section 2255 claim. *Id.*  Here, the testimony and evidence establish that Petitioner is not entitled to relief because the claims raised by Petitioner were procedurally barred or meritless.  These claims can be "conclusively decided on the basis of

documentary testimony and evidence in the record." *See Shah*, 878 F.2d at 1160.  Accordingly, the Court finds that an evidentiary hearing is not necessary.

### E. Certificate of Appealability

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a).  In order to proceed with his appeal, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Ornoski,* 435 F.3d at 951 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id*.

The Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none of the issues meet that standard.  The Court will therefore deny Petitioner a certificate of appealability.

///

///

///

///

IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (ECF No. 119) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**DATED** this  27  day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court